UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELDON DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>J.A. ZAMORA, et al.,<br><br>    Defendants. | No. 2:15-cv-0010 KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly

payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

2

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff contends that defendant Yang disregarded a prison memo providing that no volunteer inmates were allowed in the kitchen.  Yang allegedly permitted inmate Clark, who suffers from a mental illness, to volunteer in the kitchen, and Clark allegedly attacked plaintiff in the kitchen.  Plaintiff alleges that defendants Yang and Stratton tried to cover up their violation of the prison policy by issuing plaintiff a rules violation report ("RVR") for fighting, despite inmate Clark telling defendants Yang and Stratton that Clark attacked plaintiff unprovoked.  Plaintiff alleges that Stratton signed the RVR and omitted the information about Clark.  Plaintiff contends that defendant Schultz covered this up by holding the RVR hearing on November 13, 2013, just five days after the RVR issued.  Plaintiff also contends that he was denied the right to call witnesses at the RVR hearing.  Further, plaintiff alleges that defendants Zamora and Briggs attempted to stop the appeals process at the final level, seeking to help defendants Yang, Stratton, and Schultz cover up the non-volunteer directive.  Plaintiff contends that defendant Zamora returned plaintiff's third level appeal seeking more documentation, but when plaintiff complied, defendant Zamora screened out the appeal as untimely.

### 1. Challenge to Rules Violation Report

Plaintiff's central allegation appears to be a fraudulent disciplinary process.  In Edwards v. Balisok, 520 U.S. 641, 644 (1997), the United States Supreme Court applied the doctrine articulated in Heck v. Humphrey, 512 U.S. 477, 487 (1994), to prison disciplinary hearings.  In Heck, the Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.  Heck, 512 U.S. at 487.  In applying the principle to the facts of Balisok, the Court held that a claim challenging the

1  procedures used in a prison disciplinary hearing, even if such a claim seeks money damages and
2  no injunctive relief, is not cognizable under § 1983 if the nature of the inmate's allegations are
3  such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary
4  hearing.  Balisok, 520 U.S. at 646.  Because such a challenge, if successful, would invalidate the
5  duration of the inmate's confinement, it is properly brought as a habeas corpus petition and not
6  under § 1983.  Heck, 512 U.S. at 487; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

7        Although the specific facts of Balisok involved allegations of deceit and bias on the part
8  of a hearing officer, the Court's reasoning applies to any claim which, if proven, would have the
9  effect of invalidating the result of a disciplinary hearing.  The Ninth Circuit has applied the
10 Balisok rule to a case in which a prisoner sought damages based on allegations that prison
11 officials relied on false information to find him ineligible for parole.  Butterfield v. Bail, 120 F.3d
12 1023 (9th Cir. 1997).  Because the claim necessarily implied the invalidity of the prisoner's
13 continued confinement, the claim could not accrue until the conviction or sentence had been
14 invalidated.  Id.

15       Here, plaintiff's core factual allegations are that he was convicted based upon charges that
16 were false.  Plaintiff states he was found guilty of fighting, but contends that inmate Clark struck
17 plaintiff because Clark is mentally ill, and that plaintiff did not provoke Clark.  To the extent
18 plaintiff disputes that he fought with Clark, judgment in his favor would necessarily implicate the
19 validity of the guilty finding in the rules violation report.  Because plaintiff's claim necessarily
20 implies the invalidity of his continued confinement as a result of the disciplinary hearing, his
21 claim will not accrue until the conviction or sentence has been invalidated.  In other words,
22 plaintiff cannot challenge the rules violation report in a civil rights action unless and until the
23 prison disciplinary has been invalidated through a petition for writ of habeas corpus.

24       2.  Procedural Due Process

25       Before sanctions can be imposed in a prison disciplinary hearing, a prisoner must be
26 accorded basic procedural safeguards:  1) advance written notice of the charges; 2) a "written
27 statement by the fact finders as to the evidence relied on and reasons for the disciplinary action";
28 3) an opportunity to present witnesses and documentary evidence in his defense if "to do so will

not be unduly hazardous to institutional safety or correctional goals." Wolff v. McDonnell, 418 U.S. 539, 564-66 (internal citations and quotation marks omitted).  Here, plaintiff claims that he was denied the right to call witnesses, but he fails to specifically identify the defendant or defendants who denied him such right.  Thus, plaintiff is given leave to amend to identify the defendant or defendants who denied him due process during the RVR hearing.

        3. Administrative Appeals Process

Plaintiff appears to allege that some defendants are liable based on their role in the inmate grievance process.  However, prisoners do not have a "separate constitutional entitlement to a specific grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns.  Mann, 855 F.2d at 640 (holding that there is no liberty interest entitling inmates to a specific grievance process).  Put another way, prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner.  Because there is no right to any particular grievance process, plaintiff cannot state a cognizable civil rights claim for a violation of his due process rights based on allegations that prison officials ignored or failed to properly process grievances.  See, e.g., Wright v. Shannon, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Towner v. Knowles, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights); Williams v. Cate, 2009 WL 3789597 at *6 (E.D. Cal. Nov.10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").  Thus, plaintiff should not include such claims in any amended complaint.

        4. Conclusion

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The

court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

    3. Plaintiff's complaint is dismissed.

    4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        a. The completed Notice of Amendment; and

        b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: February 26, 2015

/davi0010.14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELDON DAVIS,<br><br>            Plaintiff,<br><br>     v.<br><br>J.A. ZAMORA, et al.,<br><br>            Defendants. | No.  2:15-cv-0010 KJN P<br><br><u>NOTICE OF AMENDMENT</u> |

  Plaintiff hereby submits the following document in compliance with the court's order

filed_____.

   _____  Amended Complaint

DATED:

             _____

             Plaintiff