UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELDON DAVIS, | No. 2:15-cv-0010 KJN P |
| Plaintiff, | |
| v. | ORDER |
| J.A. ZAMORA, et al., | |
| Defendants. | |

I. Introduction

    Plaintiff is a state prisoner, proceeding without counsel and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). On May 19, 2015, plaintiff was ordered to submit a complete first amended complaint that included his charging allegations. Plaintiff has now filed a second amended complaint.

II. Screening Requirement

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

III.  Plaintiff's Second Amended Complaint

In his pleading, plaintiff alleges as follows:  Defendants caused or allowed plaintiff to be assaulted due to their gross negligence, and then sought to cover up their actions and their liability

by issuing a false disciplinary report ("RVR"), that they knew to be false, in an effort to shift blame to plaintiff, who was the actual victim. Specifically, defendant Yang disregarded a prison memo providing that no volunteer inmates were allowed in the kitchen. Yang allegedly permitted inmate Clark, who suffers from a mental illness, to volunteer in the kitchen, and Clark allegedly attacked plaintiff in the kitchen. Defendants Yang and Stratton allegedly tried to cover up their violation of the prison policy by issuing plaintiff a rules violation report ("RVR") for fighting, despite inmate Clark telling defendants Yang and Stratton that Clark attacked plaintiff unprovoked. Stratton signed the RVR and omitted the information about Clark. Defendant Schultz allegedly covered this up by holding an expedited RVR hearing on November 13, 2013, just five days after the RVR issued, and by denying plaintiff the right to call witnesses at the RVR hearing, falsifying the written report stating that plaintiff did not call any witnesses, and fabricating plaintiff's statements at the hearing. Further, defendants Zamora and Briggs allegedly attempted to stop the appeals process at the final level, seeking to help defendants Yang, Stratton, and Schultz cover up the non-volunteer directive. Plaintiff contends that all defendants engaged in a conspiracy to cover up the false RVR and the false finding of guilt thereon.

IV.   Analysis

A civil rights action is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). By contrast, habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Here, plaintiff contends he sustained a prison disciplinary conviction based upon charges that were false, and that he was subject to an allegedly fraudulent disciplinary process. Thus, plaintiff's success in this action would necessarily call into question the validity of his prison disciplinary proceeding and implicate the duration of his confinement. Accordingly, a writ of habeas corpus is plaintiff's sole remedy in federal court which may be pursued only after exhausting all of his constitutional claims by first presenting them to the state's highest court. See, e.g., Wilkinson v. Dotson, 544 U.S. 74, 81-82, 125 S. Ct. 1242 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of

the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- if success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis in original); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (dismissing a § 1983 action seeking declaratory relief and money damages because a successful challenge to the procedures used in a prison disciplinary hearing would necessarily imply the invalidity of the punishment imposed); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner may not recover damages under § 1983 for allegedly unconstitutional imprisonment, or for any other harm caused by "actions whose unlawfulness would render the imprisonment invalid," unless he can prove that the conviction or other basis for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus). Plaintiff was previously informed of this requirement (ECF No. 5 at 4), but he alleges no facts demonstrating that the prison disciplinary conviction has been invalidated through a petition for writ of habeas corpus.

For these reasons, plaintiff's civil rights action must be dismissed without prejudice so that plaintiff may first seek habeas relief with respect to the prison disciplinary conviction at issue.  See Butterfield v. Bail, 120 F.3d 1023 (9th Cir. 1997) (complaint barred where prisoner sought damages based on allegations that prison officials relied on false information to find him ineligible for parole); Hernandez v. Lozano, 2014 WL 1096937 (E.D. Cal. March 19, 2014) (§ 1983 claim that prison officials participated in a cover-up of a fraudulent rules violation charge barred because success would necessarily call into question the validity of prison disciplinary proceeding).

V.  Conclusion

In accordance with the above, IT IS HEREBY ORDERED that this civil rights action is dismissed without prejudice as barred by the holdings of Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997).

Dated:  March 17, 2016

davi0010.56

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4