1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SHELDON DAVIS,                                No.  2:15-cv-0010 KJN P

12                  Plaintiff,

13          v.                                      ORDER

14   J.A. ZAMORA, et al.,

15                  Defendants.

16

17          Plaintiff consented to proceed before the undersigned for all purposes.  See 28 U.S.C.

18   § 636(c).  On May 4, 2016, plaintiff filed a motion to amend and a third amended complaint.

19   However, this civil rights action was closed on March 17, 2016.  Good cause appearing, the

20   undersigned construes plaintiff's filing as a motion for relief from judgment.

21          Rule 60(b) provides as follows:

22                  **Grounds for Relief from a Final Judgment, Order, or**
                    **Proceeding**. On motion and just terms, the court may relieve a
23                  party or its legal representative from a final judgment, order, or
                    proceeding for the following reasons:
24
                    (1) mistake, inadvertence, surprise, or excusable neglect;
25
                    (2) newly discovered evidence that, with reasonable diligence,
26                  could not have been discovered in time to move for a new trial
                    under Rule 59(b);
27
     ////
28
                                              1

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances. . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control. . . ." Id. (internal quotation marks and citation omitted).

In his motion, plaintiff contends he would suffer hardship and prejudice if his motion to amend is not granted. In addition, he argues that he has been required to pay the court's filing fee. However, in his proposed amended complaint, plaintiff again raises the same allegations the court found barred under Edwards v. Balisok, 520 U.S. 641, 648 (1997) (dismissing a § 1983 action seeking declaratory relief and money damages because a successful challenge to the procedures used in a prison disciplinary hearing would necessarily imply the invalidity of the punishment imposed), and Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner may not recover damages under § 1983 for allegedly unconstitutional imprisonment, or for any other harm caused by "actions whose unlawfulness would render the imprisonment invalid," unless he can prove that the conviction or other basis for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus).

As plaintiff was previously informed,

plaintiff's civil rights action must be dismissed without prejudice so that plaintiff may first seek habeas relief with respect to the prison disciplinary conviction at issue. See Butterfield v. Bail, 120 F.3d 1023 (9th Cir. 1997) (complaint barred where prisoner sought damages based on allegations that prison officials relied on false

1    information to find him ineligible for parole); <u>Hernandez v. Lozano</u>,
2    2014 WL 1096937 (E.D. Cal. March 19, 2014) (§ 1983 claim that
     prison officials participated in a cover-up of a fraudulent rules
     violation charge barred because success would necessarily call into
3    question the validity of prison disciplinary proceeding).

4    (ECF No. 13 at 4.)  Review of this court's records reflects that petitioner has not filed a petition

5    for writ of habeas corpus challenging the November 13, 2013 prison disciplinary.

6            Moreover, plaintiff's filing provides no facts, circumstances, or evidence to support an

7    order vacating the judgment.  Plaintiff fails to allege mistake, inadvertence, surprise, or excusable

8    neglect, or any other facts demonstrating that relief under Rule 60(b) is appropriate.  Thus,

9    plaintiff's motion for relief from judgment is denied.

10           Accordingly, IT IS HEREBY ORDERED that:

11           1.  Plaintiff's May 4, 2016 motion (ECF No. 15) is construed as a motion for relief from

12   judgment, and

13           2.  Plaintiff's motion for relief from judgment (ECF No. 15) is denied.

14   Dated:  October 18, 2016

15

16                                              KENDALL J. NEWMAN
                                                UNITED STATES MAGISTRATE JUDGE
17

18   davi0010.60b
19

20

21

22

23

24

25

26

27

28

3